*SAMUEL STRADER *v.* HEIRS OF OTWAY BYRD ET AL.   [184

A decree upon a bill of review can not be again reviewed in a second bill of review.

RESERVED in the county of Highland.   This is a bill of review, seeking to reverse a decree of this court made at the June term, 1831, in Highland county.

The facts of the case, as they appear upon the record, and so far as it is necessary here to state them, are as follows: The original bill was filed in the court of common pleas of Highland county, at the June term of that court, 1816, and the necessary steps taken to bring the defendants before the court.   The cause was

continued from term to term, until the March term, 1822, when, upon final hearing, the bill was dismissed. Notice of an appeal was given by the complainant, but the appeal was never perfected. At the November term of the court of common pleas, 1825, a bill of review was filed by the complainant, to which the defendants demurred, and at the October term, 1826, the demurrer was overruled, the former decree reversed, and the case continued for hearing upon the merits, according to the practice in this state.

At the April term, 1828, the case came on for hearing, and a decree was rendered for the complainant. From this decree, the defendant appealed to the Supreme Court, where the cause was continued until the June term, 1831, when, upon hearing, the demurrer was sustained and the bill dismissed at complainant's costs.

To reverse this decree of dismissal, the present bill of review is brought and filed on June 10, 1834.

The defendants, who have answered, insist, among other things, that the cause was originally tried upon its merits in the court of common pleas, and the original bill dismissed. That afterward a bill of review was filed in that court to which the defendants demurred, and, on hearing, the demurrer was overruled, the original decree reversed, and the case set down for hearing on the merits, and, upon hearing, a decree was pronounced in favor of the complainant, from which the defendants appealed to the Supreme Court. That, on hearing, in the last-named court, the demurrer was sustained and the bill dismissed.

T. and W. Scott, for complainants, insisted that the statute of Ohio, allowing bills of review, was framed with reference to the 185] chancery practice in this state, and not with reference *to the practice of the high court of chancery in England. In England the facts upon which the decree is based are embodied in the decree. On this account, errors in law must be confined to the decree, while, by the practice in Ohio, errors apparent in any part of the proceedings may be assigned as well as errors in the decree. In order to avail themselves of the original decree, the defendants should have pleaded that decree in bar to the review, and should have demurred merely to opening up the enrollment. By demurring to the bill of review, the whole case was opened.

They further urged that inasmuch as the object of this bill was

Strader *v.* Heirs of Byrd et al.

to reverse a decision of this court, it was not a second bill of review after demurrer to a former bill of review allowed. That the defendants, in order to avail themselves of this defense, should have appealed from the order of reversal made in the court of common pleas. But they did not appeal from that order. They waited until a final decree was made upon the merits, and from that appealed. They cited 2 Ball & B. 150; 1 Atk. 291.

They also submitted an argument upon the merits of the case, but it is unnecessary to mention it.

G. COLLINGS, for the defendants, insisted that the rule in England is well established, that a bill of review would not be entertained after demurrer to a former bill of review allowed. That although the practice in this state upon bills of this description is different from the practice in the high court of chancery in England, yet the spirit and reason of the rule would apply as well in this country as in that. The reason of the rule is, that an end may be put to litigation. After two concurrent decrees it is time litigation should be stayed.

He further insisted that the defendants could not have appealed from the decree of reversal in the court of common pleas, because that was not a final decree, the cause being continued in that court for further hearing. But when appealed, the first duty of the appellate court was to decide the question upon demurrer, upon which question, according to the practice adopted, the whole case would be examined. He cited 2 Ohio, 381; 3 Ohio, 354, secs. 55, 58, of Chan. Prac. Act; 19 Johns. 443; 17 Johns. 548.

*Judge HITCHCOCK delivered the opinion of the court: [186

The first question, and the only one presented in this case which it is necessary to consider, is whether a decree made in a bill of review can afterward be re-examined by a subsequent bill of review. Although this question is not presented by plea, it is done by answer; and in the case of White *v.* Bank of the United States, 6 Ohio, 588, it was held that any defense which can be made by plea may be made by answer. This question is a new one, so far as relates to practice in this state. We have never known a case where an attempt has been made to sustain a second bill of review, nor have we known one in which such bill has been filed.

Section 3 of the act directing the mode of proceeding in chan-

cery, 29 Ohio L. 81, directs that the courts "shall, in all things, be governed by the known usages of courts of equity, except when it may be otherwise provided by law. We have been anxious to ascertain the usages of courts of equity upon this subject, but counsel have referred to few authorities. Indeed, none have been cited bearing directly upon the point. In 2 Maddox Chancery, 451, it is said : " A bill of review does not lie after a demurrer to a former bill of review allowed." And again, on the same page : " If upon bill of review a decree has been reversed, another bill of review may be brought upon the decree of reversal." To sustain this latter dictum, Mitford's Chancery Pleadings, 66, in note, is cited. In Cooper's Equity, page 92, it is said : " And a bill of review may be brought after a bill of review already filed, as if upon a bill of review a decree has been reversed, another bill of review may be brought upon the decree of reversal," and 2 Chancery Precedents, 633, is cited. And this latter work we take to be the authority upon which the dicta to the same effect in Maddox and Mitford are founded. This work is not within our reach, and we have not been able to examine it. In the case of Barben *v.* Searle, 1 Vern. 407, Sergeant Maynard stated in argument, " that bills of review are not favored, and are tied up to strict rules," and for authority cited the case of Dunny *v.* Filmere, where, as he said : " Upon bill of review the court had decreed the whole estate to the plaintiff, and though it appeared from the face of the decree that the plaintiff had title to one moiety only, there it was resolved that no bill of review would lie upon a bill 187] of review; and the defendant was left without *remedy." This, it is true, is merely the statement of counsel, but it is not controverted by the chancellor. Upon the examination of the case of Dunny *v.* Filmere, 1 Vern. 135, it will be found that the point decided was that " a bill of review was not, after a demurrer to a former bill of review, allowed." The same point was decided in Pitt *v.* Earl of Anglus, 1 Vern. 441. From these authorities there would, upon slight examination, seem to be some uncertainty respecting the question under examination, and perhaps some apparent contradiction in the cases. But it is believed there is none in reality, and that from the whole this rule of practice may be extracted: When a demurrer to a bill of review has been sustained or allowed, in other words, where, according to our practice, the bill has been dismissed, and the original decree

thereby affirmed, no subsequent bill of review will lie; but where the original decree has.been reversed, this decree of reversal may be reviewed, and this is believed to be "according to the common usages of courts of equity" in England. This rule of practice is based upon sound reason. Where there have been two concurrent decrees, as in the case of the demurrer allowed, it is time that the litigation should be ended, but where the original decree has been reversed there the matter of equity may still be considered as doubtful.

It is urged, however, that although this may be the practice in the high court of chancery in England, still that it ought not to prevail here, inasmuch as our practice upon bills of review is, in other respects, different from the practice of that court. An examination of our statute regulating the practice in chancery would not lead us to this conclusion. It merely provides that petitions for review may be filed within five years from the entry of the original decree. It is not in virtue of this clause of the statute alone that bills of review are allowed. It was intended rather as a limitation of the time within which they might be filed. In England they may be brought at any time within twenty years from the entry of the decree (Crabb's Eq. Pl. 92); in this state at any time within five years. In both countries the limitation of time within which writs of error may be brought at law and bills of review in chancery is the same, although in England, so far as bills of review are concerned, it is by analogy to the act of parliament fixing the time within which writs of error *shall be brought, while in Ohio it is by express [188 enactment. What practice has been adopted under this statute which would lead us to depart from the "known usages of courts of equity" in England? In that country we know all the facts upon which the final order of the court is made are embodied in the decree. Of course, upon the bill of review the court look only to the decree, and if that be reversed it is for errors therein apparent. In this state .it is not customory to embody the facts upon which the opinion of the court is based in the decree, but all the evidence taken is a part of the case. It is on file, and many times is made a part of the record. The statute requires that a complete record shall be made of the proceedings, and by our system a court of chancery is as much a court of record as is a court of law. Inasmuch, then, as the decree itself, according to the

practice adopted, is merely the consideration of the court upon the equity of the case, arising from all the facts and circumstances taken in connection with the pleadings, it has been found necessary, in order to give effect to the bill of review, to look into all the facts and circumstances, the process, pleadings, and proceedings, as well as into the decree. And if upon the whole matter it is ascertained that there is error, then the original decree is reversed, otherwise it is affirmed. But does this course of practice interfere with the English rule that after demurrer allowed to one bill of review, a subsequent bill of review can not be sustained? It is believed that it does not. That rule is predicated upon the reason that where there have been two concurrent decrees, there should be an end to litigation. Adopt a different principle and there will be no end. The case before the court has been depending in one shape or another for more than nineteen years, and if the principle contended for by the complainant's counsel be correct, there is no prospect of its termination. The mistake of counsel seems to be as to the effect of demurrer to the bill of review. That demurrer admits all the facts well pleaded, but in deciding it the court look into all the facts upon which the original decree was predicated, as was held in the case of Heirs of Ludlow *v.* Kidd's Heirs and others, 2 Ohio, 381, and upon the whole case determine whether there is or is not error. If there is no error the bill is dismissed, and thereby the original decree is affirmed. So that we have two concurrent decrees, as is the case according to the English practice, where *a demurrer is allowed to a bill of review. If this rule is founded upon good reasons, and we think it is, it is of equal force in this state as in any other country; and we have come to the conclusion that where the original decree has been affirmed on bill of review, no subsequent bill of review can be allowed.

It may perhaps be thought that this determination would lead to the conclusion that a decree of this court, made on appeal, and where the decree was the same as that which had been made in the court of common pleas, could not afterward be reviewed. But it is not so. By the appeal, the decree of the common pleas is vacated. The case stands as if no decree had ever been made. This court consider it as an original case, and there can not be the two concurrent decrees until there has been a review and affirmance of the decree which this court shall originally have made.

Counsel for the complainant further insists, that admitting the foregoing principles to be correct, still that this case can not be considered in the light of a bill of review after demurrer to a former bill of review allowed, because there has been but one decree in this court, and the object is to reverse that decree.

What are the circumstances of the case? In 1822 a decree was made in the court of common pleas, in the original case. From this decree there was no appeal. Although notice was given, the appeal was never perfected. It is, then, a subsisting decree, of precisely the same binding force as if made in this court. Originally it might have been vacated by appeal, now it can not be done unless by review. For the purpose of reviewing this decree, a bill was filed in the court where the decree was entered in 1825. To this bill of review there was a demurrer, and upon hearing the original decree was reversed. When reversed, the case was continued for further hearing, and upon such hearing a final decree was entered for the complainant. Thereby, if there had been no further proceedings, the original decree would have been vacated. But the defendants were not satisfied with the decision of the common pleas, and appealed to this court. The effect of this appeal was to vacate all the orders and decrees of the common pleas on the bill of review, and to reinstate the original decree of that court. Counsel for defendant seem to suppose that this appeal brought up the original case as an original *case. But it is not so. That [190 had been decided six years before, and could not be appealed unless it was done within thirty days after the close of the term in which the decree was entered. If the position of the complainants counsel was well taken, it would be in the power of a party to a proceeding in chancery to evade, in a great measure, the law regulating appeals. If he failed to prosecute an appeal from the original decree, he would have nothing more to do than to file a bill of review, and when that was decided, to sue an appeal, and thereby present the case to the appellate court as upon the original bill. Such practice will not be sanctioned by this court.

By the appeal, the bill of review and proceeding under it were brought to this court and not the original case, any further than it was connected with this bill. It was by this court to be considered exactly in the same manner as if it had originated here, for the purpose of reviewing one of its own decrees. It was so treated. This court, it is true, according to its practice, examined the origi-

nal case, but not as an original case, but as part and parcel of the bill of review. Upon such an examination the court being of opinion that the original decree was in accordance with the equity of the case, dismissed the bill, thereby affirming the original decree. It is manifest, from all these facts, that the present case is nothing more nor less than a bill of review, after demurrer to a former bill of review allowed. There are two subsisting concurrent decrees, and "according to the usages of courts of equity," this bill can not be sustained, but must be dismissed.